# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

WALLY L. WEST,

    Plaintiff,

v.

RYAN CASTLEMAN, *et al.*,

    Defendants.

Case No. 3:16-cv-01153-JPG-RJD

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

    A SWAT team arrested plaintiff Wally West when they found him hiding under a truck during the execution of a search warrant at a family property—while West was out on bond for a felony cannabis charge, resisting arrest, and the unlawful use of a weapon by a felon. The search—aimed at disrupting a drug ring—needed a SWAT team because of West's and his son's known history of carrying firearms. That team forced their way through the doors of the family residence, damaged the carpet when using a flashbang grenade, and opened a hole in a wall to look for narcotics after a drug dog's alert. And the team ultimately discovered a firearm, cannabis, and drug paraphernalia, so they took West back to the station and detained him overnight pending further investigation.

    For that, West used 42 U.S.C. § 1983 to sue three officers involved in the investigation. He claims that the officers (1) violated the Fourth Amendment by detaining him during the search of the property and later transferring him to the station, and (2) violated the Fourth Amendment again by using excessive force that damaged the doors, wall, and carpet during the search. (ECF No. 15.) The defendants then moved for summary judgment, and Magistrate Judge Reona J. Daly issued a thorough Report and Recommendation ("Report") pursuant to FED. R. CIV. P. 72(b)(3) advising

1

the undersigned to grant the defendants' motion. (ECF Nos. 74, 78.) West has objected to Magistrate Judge Daly's Report (ECF No. 79), so the Court has conducted a *de novo* review of the matter. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

But West's objection does not save his case. First, he says that his detention and subsequent arrest were unlawful under *Michigan v. Summers*, 452 U.S. 692 (1981) and *Bailey v. United States*, 568 U.S. 186 (2013). There, the Supreme Court held that when the police are executing a search warrant, the warrant gives the police additional authority to detain the occupants of the premises during the search—but only if those occupants pose an actual threat to the safe and efficient execution of the warrant. *Summers,* 452 U.S. at 705; *Bailey*, 568 U.S. at 201. And here, West argues that the officers violated those principles because at the time of the search, West says he was innocently working on his truck which was parked around 60–75 feet from the residence. But that argument ignores the fact that (1) West was still located on the subject property; (2) his truck was still within the security perimeter established by the officers; (3) he was a known narcotics dealer; (4) he was a convicted felon currently on bond for the unlawful use of a weapon, resisting arrest, and a drug offense; (5) he and his son had a known history of carrying firearms; (6) a source told the officers that she had bought drugs at the subject property that very same day; and (7) West was evading officers by hiding under his car when the officers arrived. Danger, Will Robinson! Magistrate Judge Daly has already explained all of that, and her factual and legal conclusions on this issue are correct in their entirety—it is indisputable that the officers had sufficient reason to detain West during the search because of his threat to the execution of the warrant and, later, probable cause to arrest and transfer West back to the station.

Second, West argues that Magistrate Judge Daly erred by finding that the specific defendants in this case were not personally involved in damaging the residence. He says that even

though there is no evidence that any of these officers were personally involved, they should still be liable because (1) one of them allegedly called in the SWAT team; and (2) the other was "vital to the pre-breach aspects of this search." (ECF No. 79, p. 3.) But that ignores well-established law that officers are liable for excessive force only to the extent that they were personally involved in the use of force. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). They cannot be liable simply for being "in charge" of an investigation, which this Court instructed West long ago at the threshold stage. (ECF No. 18, p. 9.) Magistrate Judge Daly's factual and legal conclusions on that issue are correct in their entirety as well.

For those reasons, the Court **ADOPTS** Magistrate Judge Daly's Report in its entirety (ECF No. 78), **GRANTS** the defendants' motion for summary judgment (ECF No. 74), **DISMISSES** this case **WITH PREJUDICE**, and **DIRECTS** the Clerk of Court to enter judgment accordingly. **IT IS SO ORDERED.**

**DATED: JUNE 18, 2019**

**s/ *J. Phil Gilbert***
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**
